UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:22-CR-07-CHB-HAI-2, 9 |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| OAKLEY D. WHITEY HATFIELD & ) | |
| JACKLYN R. JOHNSON, ) | |
| ) | |
| Defendants. | |

*** *** *** ***

The Court considers a motion to dismiss that is both tardy and premature. Without sufficient justification, the motion was filed more than six months after the defensive-motions deadline expired. Denial on this basis would be appropriate, particularly because the motion is not based upon any case-related development occurring since the deadline expired. More importantly, the motion is premature because it is premised upon facts that contradict the Superseding Indictment. The Court cannot invade the province of the jury by relying upon such facts so denial of the motion, with the possibility of reaching the legal issue raised following a jury trial, is appropriate.

**POSTURE**

On December 12, 2022, Defendant Oakley Hatfield, through counsel, filed a motion to dismiss the Counts charged in the Superseding Indictment against him. D.E. 278. Defendant Jacklyn Johnson joined the motion. D.E. 280. The government responded in opposition. D.E. 283. Hatfield replied. D.E. 287. On January 19, 2023, District Judge Boom referred the matter to the undersigned. D.E. 288.

The Superseding Indictment charges both Johnson and Hatfield in Count One with conspiracy to "knowingly sponsor and exhibit animals in an animal fighting venture" in violation of 7 U.S.C. § 2156(a)(1) (part of the Animal Welfare Act) and 18 U.S.C. § 371 (conspiracy to violate federal law). D.E. 97. Both Defendants are also charged with knowingly attending an animal fighting venture, in violation of 7 U.S.C. § 2156(a)(2)(A) (Counts Seven and Nine). *Id*.

An essential element of these charges, which the government must prove at trial beyond a reasonable doubt, is that the venture was in or affecting interstate or foreign commerce: 7 U.S.C. § 2156(a)(1) (Count One) states, "It shall be unlawful for any person to knowingly sponsor or exhibit an animal in an animal fighting venture," and 7 U.S.C. § 2156(a)(2)(A) (Counts Seven & Nine) states, "It shall be unlawful for any person to knowingly attend an animal fighting venture." Subsection (f)(1) defines "animal fighting venture" as "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." This definition is contained in paragraph 5 of the Superseding Indictment. D.E. 97 at 2.

"[A]n impact on interstate or foreign commerce" is an essential element of a prosecution under § 2156. *United States v. Carrano*, 340 F. Supp. 3d 388, 395 (S.D.N.Y. 2018); *accord Hernandez-Gotay v. United States*, 985 F.3d 71, 79 (1st Cir. Jan. 14, 2021), *cert. denied sub nom. Ortiz-Diaz v. United States*, 2021 WL 4733320, 142 S. Ct. 336 (2021). Paragraph 15(a) of the Superseding Indictment alleges that the "regular animal fighting ventures at Bald Rock . . . routinely drew participants from the Eastern District of Kentucky and other states." D.E. 97 at 4. Paragraph 15(b) states that "RICKIE D. JOHNSON collected admission fees from individuals who participated in the animal fighting ventures and shared those proceeds [with the owner of the Bald Rock property]." *Id*.

## LEGAL STANDARDS

The factual premise of the motion runs afoul of well-settled principles articulated in case after case. In assessing a pre-trial motion to dismiss in a criminal case, the Court must apply the following legal standards.

> A Defendant may challenge a defect in the indictment, including its constitutionality, via a pretrial motion to dismiss, provided "the basis of the motion is then reasonably available and the motion can be determined without a trial on the merits[.]" Fed. R. Crim. P. 12(b)(3)(B). A defendant may challenge the constitutionality of a statute facially or as applied. . . . [A]n as-applied challenge alleges that the statute in question is unconstitutional as applied to the defendant's alleged conduct. *Carroll v. City of Cleveland*, 522 Fed. App'x 299, 306 (6th Cir. 2013). When ruling on a motion to dismiss an indictment, the Court accepts the factual allegations therein as true, and determines only whether the indictment is valid on its face. *See United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

*United States v. Rife*, 429 F. Supp. 3d 363, 366 (E.D. Ky. 2019).

> The indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications. *United States v. Reed*, 77 F.3d 139, 140 n. 1 (6th Cir. 1996) (en banc). An indictment is to be construed liberally in favor of its sufficiency. *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002).

*United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007). "[T]he Court must resolve factual issues in this case, such as they exist, in favor of the indictment." *United States v. England*, No. 1:14-CR-73, 2014 WL 4988149, at *1 (S.D. Ohio Oct. 6, 2014); *see also United States v. Chapman*, No. 11-CR-51-GFVT, 2012 WL 6049629, at *2 (E.D. Ky. Dec. 5, 2012) ("[A]ny factual issues present [in a motion to dismiss] must be resolved in favor of the indictment.").

> District courts are directed to dispose of all motions before trial if they are capable of determination without trial of the general issue. Fed. R. Crim. P. 12(b). Generally, motions are capable of determination before trial if they raise questions of law rather than fact. *See United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974). However, Rules 12(e) and (g) clearly envision that a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not

3

> invade the province of the ultimate finder of fact. *See* Moore P 12.04 at 12-24, 25. Thus, a defense is "'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60, 89 S. Ct. 1559, 1561, 23 L.Ed.2d 94 (1969).

*United States v. Jones*, 542 F.2d 661, 664-65 (6th Cir. 1976).

> From *Jones* and Rule 12(b), the Court distills two requirements for addressing a motion to dismiss the indictment which alleges that the government cannot establish the offense charged as a matter of law: (1) the issue raised must be a question of law and (2) the relevant facts must be undisputed. *Jones*, 542 F.2d at 665. The undisputed nature of the evidence is an important predicate to a court's determination of a motion to dismiss the indictment. If the evidence relating to the issue raised by the parties is disputed, the court runs the risk of treading upon the role of the grand jury[.]

*United States v. Parker*, No. 3:12-CR-154, 2013 WL 1497433, at *2 (E.D. Tenn. Mar. 18, 2013) (Guyton), *report and recommendation adopted*, 2013 WL 1497432 (E.D. Tenn. Apr. 10, 2013); *accord United States v. Jarrett*, No. 3:12-CR-144, 2013 WL 1117871, at *3-4 (E.D. Tenn. Jan. 18, 2013), *report and recommendation adopted*, 2013 WL 1120061 (E.D. Tenn. Mar. 18, 2013); *see also United States v. Med 1st*, No. 3:16-CR-76-JHM, 2017 WL 4848823, at *1 (W.D. Ky. Oct. 26, 2017) (finding that pre-trial fact-finding as to venue "would intrude upon the province of the jury to determine what actions were taken by the defendants and where they occurred").

> [A] motion to dismiss the indictment is not "an opportunity to argue the sufficiency of the evidence." *United States v. Silvius*, No 1:12-CR-172, 2012 WL 5878841, at *2 (N.D. Ohio Nov. 21, 2012). In fact, "[w]hen a pretrial motion raises questions of fact intertwined with issues involving the merits of the case . . . a court should defer determination of that matter until trial." *Id.* . . . Weighing the evidence "invade[s] the province" of the jury, and the Court declines to do so in the instant matter. *Jones*, 542 F.2d at 664.

*Jarrett*, 2013 WL 1117871, at *5.

> Motions to dismiss before trial are capable of determination if the motion raises questions of law, not facts. [*Jones*, 542 F.2d at 664.] A District Court may make preliminary findings of fact if such findings are necessary to determine the presented questions of law, but such findings cannot "invade the province of the

4

> jury." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). When a Defendant instead claims the allegations included in the indictment are false or untrue, this is not a question of law, but rather a fact to be tried by the jury. *Universal Milk Bottle Service v. United States*, 188 F.2d 959, 962 (6th Cir. 1951).

*United States v. Lundergan*, No. 5:18-CR-106-GFVT-MAS, 2019 WL 1261354, at *2 (E.D. Ky. Mar. 18, 2019); *see also United States v. Sisco*, No. 7:20-CR-23-REW, 2021 WL 4066665, at *3 (E.D. Ky. Sept. 7, 2021).

## ANALYSIS

Hatfield argues that the charges are unconstitutional as applied to him because they exceed Congress's authority under the Commerce Clause. He specifies that his constitutional challenge is an as-applied, rather than facial, challenge to § 2156: "Section 2156 is unconstitutional **as applied to Hatfield**: the conduct alleged in Counts 1 and 9 of the Indictment was purely *intra*-state and had no effect on *inter*-state commerce." D.E. 278 at 2 (emphasis added). He further states, "A defendant may challenge the constitutionality of a statute either facially or 'as applied.' An *as-applied* challenge, such as Hatfield's here, alleges that the statute in question is unconstitutional as applied to the defendant's alleged conduct. As-applied challenges are the basic building blocks of constitutional adjudication." *Id*. at 3 (citations and quotation marks omitted). "[F]or § 2165(a) to be valid as applied to Hatfield, the Government must show that the class of conduct at issue in this case (conspiracy, and attendance of an animal fighting venture) 'substantially affects' interstate commerce." *Id*. at 6. "Because the Indictment fails to allege anything more than intrastate conduct having no apparent connection to or substantial effect upon interstate commerce, § 2156(a) is unconstitutional, as applied to Hatfield, and Counts 1 and 9 should be therefore dismissed." *Id*. at 19. He concludes in his reply, "The

Indictment is unconstitutional as applied to Hatfield and should be dismissed." D.E. 287 at 9-10.[1]

> More specifically, Hatfield directly contests any interstate aspect to the venture:
>
> All conduct relevant to the Indictment took place within the Commonwealth of Kentucky. . . . Kentucky State Police interviews from the night of the raid reveal that the chicken fights were publicized by word of mouth. Outsiders, unknown to the East Kentuckians who operated Bald Rock, were not admitted. Hatfield is accused of assisting in the negotiation of the lease of the barn used for the Bald Rock venue. Defendants are alleged to have charged admission. The venue had a concession stand. Hatfield is *also* accused of attending a cockfight, though in fact he was sitting in his truck in the parking lot, waiting for his girlfriend.

D.E. 278-1 at 2. The government states it can present other evidence of an effect on interstate commerce, including evidence concerning the relationship between cockfights and avian flu. D.E. 283 at 10-12. Hatfield also disputes this evidence and argues instead that bird flu is spread through migratory waterfowl and the government is relying on outdated information. D.E. 287 at 8.

The Court does not know what other evidence the government might present at trial in support of the affecting-commerce element of the charges, but it need not speculate as the grand jury's factual findings must be accepted as true. Hatfield's argument necessarily requires the Court to reject those findings. He argues the case against him involves purely intrastate activity, but this argument so directly contravenes the Superseding Indictment as to be frivolous. Count

---

[1] Hatfield's memorandum discusses authority concerning facial challenges to the statute, but elsewhere he makes clear he is only asserting an as-applied challenge. Without addressing the merits of a facial challenge, the Court notes that such challenges to the animal-fighting statute raised in other courts have failed. *See, e.g.*, *United States v. Gibert*, 677 F.3d 613 (4th Cir. 2012); *Club Gallistico de Puerto Rico Inc. v. United States*, 414 F. Supp. 3d 191 (D.P.R. 2019), *aff'd sub nom. Hernandez-Gotay v. United States*, 985 F.3d 71 (1st Cir. 2021); *United States v. Bacon*, No. 09-CR-30101-MJR, 2009 WL 3719396 (S.D. Ill. Nov. 5, 2009); *United States v. Charles*, No. 09-CR-20036-001, 2009 WL 3055231 (W.D. Ark. Sept. 18, 2009); *United States v. Thompson*, 118 F. Supp. 2d 723 (W.D. Tex. 1998). Indeed, the Court is not aware of any successful facial challenge to the statute. The Court is not inviting further briefing, but, if in objections to this Recommended Disposition Hatfield or Johnson contend that facial challenges were raised by the Motion, they should be required to further brief that issue with specificity.

One includes as overt acts that (1) the animal fighting ventures routinely drew "participants" from "Kentucky and other states" and (2) that admission fees were collected from those participants. Hatfield's argument requires the Court to reject those allegations and find that the facts concerning him are solely intrastate in nature. The Superseding Indictment plainly says otherwise. The Court cannot invade the province of the jury, which will be tasked with determining whether the defendants' behavior was in or affecting interstate or foreign commerce.

That the motion is presented as an as-applied challenge rather than a sufficiency-of-the-evidence challenge as to an essential element makes no difference. *See Hernandez-Gotay v. United States*, 985 F.3d 71 (1st Cir. 2021) (observing that if a given cockfight was non-commercial, the issue would be lack of proof on the affecting-commerce element of the charge), *cert. denied sub nom. Ortiz-Diaz v. United States*, 2021 WL 4733320, 142 S. Ct. 336 (2021); *United States v. Gibert*, 677 F.3d 613, 627 (4th Cir. 2012) ("[W]e observe that if the cockfighting activities in which Gibert participated were wholly an intrastate activity, the government would be unable to establish one of the elements of the offense, namely, that the event be 'in or affecting interstate or foreign commerce.' 7 U.S.C. § 2156(g)(1)."). What matters is that the argument is premised upon facts that directly contradict the Superseding Indictment.

The jury must weigh the facts and find whether the charged behavior affected interstate commerce. *See, e.g.*, *United States v. Lawson*, 677 F.3d 629, 635-36 (4th Cir. 2012) (describing some of the facts the government used to prove effect on interstate commerce, including bank records and testimony from persons involved in manufacturing items used in cockfights). Accordingly, the factual issues are not amenable to pre-trial resolution and cannot be the subject of an evidentiary hearing. Because the Court cannot resolve the necessary factual issues at this

time by accepting Hatfield's factual contentions or even conduct an evidentiary hearing, Hatfield's motion should be denied. Hatfield can contest the affecting-commerce element at trial or by appropriate post-trial motion.

## TIMELINESS

Hatfield's motion may also be denied as untimely. Hatfield was first named in the April 28, 2022 Superseding Indictment. D.E. 97. He appeared in Court on May 13, 2022. D.E. 147. Under Judge Boom's Scheduling Order and Pretrial Management Order entered that day, defensive motions were due within 35 days, or by Friday, June 17, 2022. D.E. 148. That deadline has not been extended. Hatfield was first appointed CJA counsel, but his two retained attorneys entered their appearance July 19. D.E. 167, 168.

Hatfield filed a sealed motion to suppress on September 9, 2022. D.E. 221. In its response, the government stated it would not use the challenged statements in its case-in-chief at trial. The Court conducted a limited evidentiary hearing in October as to whether any evidence had been derived from the challenged statement. The undersigned issued a Recommended Disposition on October 24, 2022, to which Hatfield lodged no objection. D.E. 247. In its response to Hatfield's motion to dismiss, the government explains it had no issue with the timeliness of Hatfield's September 9 motion because Hatfield had new counsel and new counsel had to review discovery before filing that motion. D.E. 283 at 3. The government opposes this motion as untimely. *Id*.

Hatfield's motion to dismiss was filed on December 21, 2022. This is 6 months, four days past the defensive-motions deadline and five months, two days after new counsel appeared. The facts underlying the motion are either included in the Superseding Indictment or come from Hatfield's own knowledge of the events. Thus, there does not appear to be any good cause for

the delay (such as a need to review late discovery) aside from perhaps defense counsel's misunderstanding of the deadline. Hatfield argues that he filed his motion to dismiss "precisely" 35 days after Judge Boom's November 16, 2022 order continuing the trial (D.E. 257). D.E. 287 at 1. But that order did not reset the defensive motions deadline. Defensive motions were due "no later than thirty-five (35) days after entry" of the Scheduling Order. D.E. 148 at 1. The Court's Standing Pretrial and Trial Management Order separates "Pretrial Filings" and requires that they be filed no later than fourteen days prior to trial. D.E. 148-1 at 5-6. When trials are continued, the pretrial filings date is reset relative to the trial date (*see* D.E. 257 at ¶ 3), but that does not include any extension of the separate defensive-motions deadline. If orders continuing the trial also reset the defensive-motions deadline, then absurd results could follow. For example, a continuance of less than 35 days could mean defensive motions would be due after the trial.

The delay here is very similar to the one in *Sisco*, where Judge Wier denied a motion to dismiss the indictment as untimely (while also denying in the alternative as premature). There, the motion to dismiss was filed 6.5 months after the defensive-motions deadline, the government argued it was untimely, and no good cause for the delay had been articulated. *United States v. Sisco*, No. 7:20-CR-23-REW, 2021 WL 4066665, at *1 (E.D. Ky. Sept. 7, 2021). "A pretrial motion made pursuant to Federal Rule of Criminal Procedure 12(b)(3) is untimely if filed after a deadline set by the district court pursuant to Rule 12(c)(1)." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citing Fed. R. Crim. P. 12(c)(3)).

In the alternative, Hatfield's motion (which is premature as described above) can also be denied as untimely filed.

## CONCLUSION

The undersigned **RECOMMENDS** that Defendant Hatfield's motion to dismiss (D.E. 278, joined by codefendant Jacklyn Johnson, D.E. 280) be **DENIED**.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Trial is scheduled for March 21, 2023. The Court therefore shortens the objections period. Any objection must be filed within **SEVEN DAYS** of the entry of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that seven-day period, this matter will be submitted to Judge Boom for her consideration.

This the 8th day of February, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge